UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUADALUPE A. RAMOS,

    Petitioner,

    v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. C19-0954-JCC

ORDER

This matter comes before the Court on Petitioner's objections (Dkt. No. 8) to the report and recommendation ("R&R") (Dkt. No. 7) of the Honorable Michelle L. Peterson, United States Magistrate Judge. Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objections and ADOPTS Judge Peterson's R&R.

This case is a federal habeas action filed pursuant to 28 U.S.C. § 2254. (Dkt. No. 6.) Petitioner is currently confined at Coyote Ridge Corrections Center in Connell, Washington. (*Id.* at 1.) He challenges a 2018 judgment of the Island County Superior Court. (*Id.*) Judge Peterson recommends dismissing Petitioner's petition without prejudice because he has not exhausted his state court remedies. (Dkt. No. 7.) In his objections to Judge Peterson's R&R, Petitioner explains that he does not need to exhaust his state court remedies and that doing so would be futile. (Dkt. No. 8.)

The Court shall not grant a writ of habeas corpus on behalf of a state prisoner unless: (1)

the prisoner has exhausted the remedies available in the courts of the state; or (2) there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). It appears Petitioner is arguing that he is not seeking relief under § 2254, so he does not need to exhaust his remedies available in state court. (*See* Dkt. No. 8.) But he is seeking relief under § 2254 (*see* Dkt. No. 6), so he must exhaust his remedies, as that statute requires. *See* 28 U.S.C. § 2254(b)(1).

Petitioner simultaneously argues that Washington courts cannot effectively protect his rights. (*See* Dkt. No. 8.) Specifically, Petitioner appears to argue that because he is challenging a provision of the Washington Constitution, only a federal court can hear the challenge. (*See id.*) However, a Washington court is perfectly capable of determining whether provisions of the Washington Constitution are constitutional. Therefore, Petitioner's objections (Dkt. No. 8) are OVERRULED.

A petitioner seeking relief under § 2254 may only appeal a district court's dismissal of his federal habeas petition after obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, the petitioner must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that Petitioner is not entitled to a certificate of appealability in this matter.

For the foregoing reasons, Petitioner's objections (Dkt. No. 8) are OVERRULED, Judge Peterson's R&R (Dkt. No. 7) is ADOPTED, and Petitioner's petition for a writ of habeas corpus (Dkt. No. 6) is DISMISSED without prejudice for failure to exhaust state court remedies. The Court DENIES the issuance of a certificate of appealability.

//

1       DATED this 2nd day of August 2019.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE